Amilcar Aicardo ROJAS–PAZ, aka Amilcar Rojas; Amilcar Alcardo Rojas, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–75109.

United States Court of Appeals, Ninth Circuit.

---

* This disposition is not appropriate for publication and is not precedent except as provided

Submitted July 14, 2009.*

Filed July 24, 2009.

Amilcar Aicardo Rojas–Paz, Eloy, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Richard M. Evans, Esq., Nancy E. Friedman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Amilcar Aicardo Rojas–Paz, a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and denying his motion to continue. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and deny in part and grant in part the petition for review, and remand for further proceedings.

Rojas–Paz failed to challenge the agency's determination that his asylum application was untimely, and thus waived

by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that contention. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

■ The BIA failed to address Rojas–Paz's contention that the IJ abused his discretion in denying Rojas–Paz's motion to continue to allow him to obtain corroborating evidence, and we therefore remand for the BIA to address this contention in the first instance. *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir.2005); *see also INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.** Each party shall bear its own costs for this petition for review.